# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| ISAAC EDWARD ALLEN, | ) |
| Petitioner, | ) |
| v. | ) No. 4:15CV268 ACL |
| MARK DOBBS, | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

Isaac Allen petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. It appears that petitioner is not in custody and that the petition is time-barred. Consequently, the Court will order petitioner to show cause why the petition should not be dismissed under Rule 4 of the Rules Governing § 2254 Cases.

On February 25, 2010, petitioner pled guilty to one count of assault in the second degree. Missouri v. Allen, No. 07CJ-CR000017 (Cape Girardeau). On the same day, the state court sentenced him to three years' imprisonment.

Petitioner did not file a direct appeal. Under Missouri Supreme Court Rule 81.05(a)(1), his conviction became final on March 27, 2010. Petitioner did not take any action on the judgment until June 4, 2014, when he filed a Rule 91 habeas petition with the Missouri Court of Appeals, Eastern Division, see Allen v. Barbour, No. ED101530 (Mo. Ct. App.). The appellate court summarily denied the petition on June 16, 2014. Id. Petitioner filed a Rule 91 petition with the Missouri Supreme Court, which was summarily denied on September 30, 2014. See Allen v. Barbour, No. SC94387 (Mo S.Ct.).

Petitioner filed the instant petition on February 10, 2015. He was not incarcerated when he filed it.

In order to obtain relief under § 2254, a petitioner must demonstrate that he is "in custody." The custody requirement is jurisdictional. E.g., Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam). Petitioner is not confined in an institution, and he does not allege that his freedom is currently restrained by the state. As a result, the Court does not have jurisdiction over the petition.

Under 28 U.S.C. § 2244, a petitioner has one year from the date the criminal judgment became final to file a federal petition for writ of habeas corpus. The limitations period ended at least three years before petitioner filed this action. Therefore, this action is time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, no later than twenty-one (21) days from the date of this Order, why this action should not be summarily dismissed.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action without further proceedings.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of February, 2015.