# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ISAAC EDWARD ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV268 ACL |
| | ) | |
| MARK DOBBS, | ) | |
| | ) | |
| Respondent, | ) | |

## OPINION, MEMORANDUM AND ORDER

Isaac Allen petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 23, 2015, the Court ordered petitioner to show cause why this action should not be dismissed for lack of jurisdiction or for untimeliness. After reviewing petitioner's response, the Court finds that it lacks jurisdiction.

On February 25, 2010, petitioner pled guilty to one count of assault in the second degree. Missouri v. Allen, No. 07CJ-CR000017 (Cape Girardeau). On the same day, the state court sentenced him to three years' imprisonment.

Petitioner did not file a direct appeal. Under Missouri Supreme Court Rule 81.04(a) and 28 U.S.C. § 2244(d)(1)(A0, his conviction became final on March 7, 2010. Petitioner did not take any action on the judgment until June 4, 2014, when he filed a Rule 91 habeas petition with the Missouri Court of Appeals, Eastern Division, see Allen v. Barbour, No. ED101530 (Mo. Ct. App.). The appellate court summarily denied the petition on June 16, 2014. Id. Petitioner filed a Rule 91 petition with the Missouri Supreme Court, which was summarily denied on September 30, 2014. See Allen v. Barbour, No. SC94387 (Mo S.Ct.).

Petitioner filed the instant petition on February 10, 2015. He was not incarcerated when he filed it.

In order to obtain relief under § 2254, a petitioner must demonstrate that he is "in custody." The custody requirement is jurisdictional. E.g., Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam). Petitioner is not confined in an institution. He claims he is under a restriction from the state because, as a felon, he is unable to obtain employment. This, however, does not qualify as custody under § 2254. As a result, the Court does not have jurisdiction over the petition.

Even if the Court had jurisdiction, this action would be dismissed as untimely. Under 28 U.S.C. § 2244, petitioner had one year from the date the criminal judgment became final to file a federal petition for writ of habeas corpus. In this case, the limitations period ended at least three years before petitioner filed this action.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petitioner is in custody. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice.

An Order of Dismissal will be filed separately.

Dated this 18th day of March, 2015.

                              HENRY EDWARD AUTREY
                              UNITED STATES DISTRICT JUDGE